**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE C. EDGECOMB, | No.   14-35337 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00704-JCC |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted October 5, 2016
Seattle, Washington

Before:  W. FLETCHER, FISHER and N.R. SMITH, Circuit Judges.

Steve Edgecomb suffers from severe degenerative disc disease and sought

disability benefits as a result.  After evaluating the medical opinions of over 10

medical professionals, an administrative law judge (ALJ) found Edgecomb

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ineligible for disability benefits. That decision was upheld by the Social Security Appeals Council and the district court. We also affirm.[1]

Edgecomb primarily relies on medical opinions given by "other sources." *See* 20 C.F.R. § 404.1513(d)(1). To disregard such opinions, an ALJ need only offer "reasons germane to each witness." *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). For example, opinions of "other sources" may be rejected if presented as "check-off reports" lacking "explanation." *See id.* An opinion may also be rejected if it conflicts with the opinion of a physician or other qualified medical source. *See id.* at 1111-12. Both reasons are applicable here.

The ALJ offered germane reasons to reject the opinion of Nancy Armstrong – a nurse practitioner. Her opinion was presented as a "check-off report" that lacked explanation. Further, it was in conflict with the opinion of Dr. Lisa Garrison, an examining physician. These reasons were sufficient to reject Armstrong's opinion.

Nor did the administrative law judge err in rejecting the opinion of Terry Mertens and Lisa Lang due to Edgecomb's lack of credibility. The ALJ offered clear and convincing reasons to discredit Edgecomb's statements, including:

---

[1] Although Edgecomb presented numerous arguments in briefing, he narrowed the scope of the appeal at oral argument to the rejection of medical evidence presented after November 2011.

2

inconsistent testimony, observed evasiveness with respect to work history and – to some degree – inconsistency with evidence from medical sources. Accordingly, discrediting Edgecomb's self-reports was a sufficiently germane reason to reject portions of Mertens and Lang's opinion dependent on those self-reports.

Finally, the 2011 MRI does not warrant reversal. It contains no information regarding Edgecomb's functional limitations. Rather, it provides information already accepted by the administrative law judge: that Edgecomb has severe degenerative disc disease. The question is what functional limitations that disease places on his ability to work. The 2011 MRI does not answer that question. Accordingly, the ALJ did not err in failing to mention it and, even if he did, that failure was harmless.[2]

**AFFIRMED.**

---

[2] The same is true for the medical opinions of Drs. Andrew Manista and Ryan Halpin, which were offered after the administrative law judge issued his opinion. Both concluded Edgecomb was a candidate for spinal fusion. But neither offered an opinion on functional limitations Edgecomb may or may not have in a workplace.

3